McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Wade M. Hansard
Nevada Bar No. 8104
  *wade.hansard@mccormickbarstow.com*
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Renee M. Maxfield
Nevada Bar No. 12814
  *renee.maxfield@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:   (702) 949-1100
Facsimile:   (702) 949-1101

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAJIV RISHI, individually; CELIA BANKS-RISHI, individually,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO CASUALTY COMPANY; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01044-JAD-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulation is entered into by and between Rajiv Rishi, Celia Banks-Rishi and GEICO Casualty Company (referred to collectively as the "Parties") by and through their attorneys of record, based on the following:

The Parties assert that certain documentation and information sought constitutes confidential, proprietary, sensitive, trade secret, financial, business, and other commercial records and information entitled to protection from disclosure;

The Parties desire to establish a mechanism to prevent the improper disclosure of such information and documentation produced;

1  The Parties desire the procedures outlined in this Order shall apply to all documents, things
2  and information subject to discovery from or disclosed by the Parties pursuant to the ~~Nevada~~ Federal
3  Rules of Civil Procedure.

4  The Parties intend that this stipulation be binding upon them and enforceable as an Order
5  of the Court. The Parties seek the Court's approval and entry of the terms of this stipulation as an
6  Order of the Court.

7  IT IS HEREBY ORDERED THAT:

8  I.  (1)  The parties hereto recognize that some of the information, documents, and
9  the things that may be disclosed or may be discoverable under the Rules of Civil Procedure in this
10  action might allegedly include trade secret or other confidential information or proprietary
11  business or commercial information of the party from which discovery is sought ("Confidential
12  Information"), the public disclosure of which would likely be competitively harmful. To the
13  extent the parties produce documents and/or other things allegedly containing Confidential
14  Information which the producing party determines warrants protection, those documents shall be
15  subject to this Stipulated Protective Order Regarding Confidentiality.

16  (2)  The parties hereto agree that limitations on the disclosure and use of Confidential
17  Information are desirable for the orderly conduct of discovery in this action, while at the same
18  time providing protection from the misuse of each party's Confidential Information.

19  (3)  Each party to this action who produces or discloses any documents, things,
20  interrogatory answers, admissions, deposition transcripts, or information which the producing or
21  disclosing party ("Producing Party") reasonably believes to comprise or contain Confidential
22  Information, and which the Producing Party desires to be subject to this Protective Order, shall
23  have stamped or written upon that document or tangible thing one of the two following
24  designations as reasonably determined by the Producing Party:

25  (a)  "CONFIDENTIAL", or
26  (b)  "CONFIDENTIAL ATTORNEY'S EYES ONLY"

27  All documents and tangible items so marked as provided in Paragraph I(3) must be visibly
28  marked on each page or separate item by the Producing Party as "CONFIDENTIAL" or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD SUITE 350
LAS VEGAS, NV 89113

2                                    2:18-cv-01044-JAD-PAL
STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL ATTORNEY'S EYES ONLY."  A deposition transcript may be designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by any party or witness by requesting such treatment thereof either (1) on the record, or (2) by written communication mailed within thirty (30) days after receipt by the witness or his counsel of the transcript.  All parties shall treat a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," respectively, during said thirty (30) day period. If "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" treatment of a transcript is requested on the record, the court reporter shall be instructed to mark the face of the transcript(s) containing the designated testimony with the designation "CONFIDENTIAL" and/or "CONFIDENTIAL ATTORNEY'S EYES ONLY."  The party requesting confidential designation shall identify by page and line the portions of the transcript that the requesting party intends to designate as Confidential Information in written correspondence served to all counsel of record within 30 days after the requesting party receives the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing party during this time period shall remain confidential subject to this Order.  Copies of all exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be separately marked accordingly.  If the designated transcript portions are filed with the Court, the designated portion shall at the time of filing be sealed as provided in Paragraph VIII below and within the ~~sealed envelope,~~ identified as being "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

> The parties shall comply with the provisions of LR IA 10-5 regarding documents filed under seal and the Ninth Circuit's decisions of *Kamakana* and *Chrysler*.

II. (1) All documents and tangible things marked as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY shall be held by the Party receiving same (the "Receiving Party") in confidence and used solely for the purpose of this case. . Counsel of record for the parties may maintain a copy of the Confidential Information for document retention purposes as well as their own documents that are work product or subject to attorney-client privilege. This Order shall continue to apply to information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" following the conclusion of this matter.

(2) All information designated "CONFIDENTIAL" or "CONFIDENTIAL

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd Suite 350
Las Vegas, NV 89113

3      2:18-cv-01044-JAD-PAL
STIPULATED PROTECTIVE ORDER

ATTORNEY'S EYES ONLY" disclosed or produced in the course of this litigation shall be used for purposes in the action *Rishi v. GEICO Casualty Co.*, Case No. 2:18-cv-01044-JAD-PAL and shall not be disclosed except in accordance with the provisions of this Order.

(3) All information designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be subject to the following additional restriction: It shall be held in confidence by outside counsel of record for the Receiving Party, experts, consultants, and other companies/individuals hired to assist with this matter such as outside copying services and data processing companies who execute the Undertaking attached hereto as Exhibit "A" and shall not be disclosed by said outside counsel to their respective clients or to anyone else, including (but not by way of limitation) any officers, directors, in-house counsel, general counsel, managing agents and/or employees of the Receiving Party, consultants retained by same, or employees of such consultants.

(4) All information designated "CONFIDENTIAL" shall be subject to the same restrictions as set forth in Paragraph II (3) above, except that such information may be disclosed by outside counsel of record to a named party, if that party is an individual, or to no more than three Directors, Officers, or employee representatives of a party if that party is a corporation.

III. It shall be the responsibility of each party to this Order to advise all persons, including counsel of record and expert(s), shown or given any designated information, of this Order, and they shall be bound thereby. Furthermore, (with the exception of counsel of record, attorneys within the law firms of such counsel, secretaries, paralegals and other staff of counsel of record, court reporters and videographers for depositions, mediators and their staff, and the court and court personnel) all persons authorized herein who are shown or given any designated information shall first sign an undertaking in the form attached hereto as Exhibit A.

IV. This Order by itself shall not expand nor limit the rights of any party, during the course of discovery, either (1) to demand additional information on any ground, or (2) to object or withhold additional information or documentation.  Nor, conversely, shall this Order limit the right of any party to move the Court to compel the production of any such evidence on any ground. Subject to the Producing Party seeking relief from the Court as provided in paragraph VII below, this Order shall not inhibit the dissemination or use of any Confidential Information if that

same information has been or is obtained by the Receiving Party from sources other than, and independent from, the Producing Party, under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party. Nothing in this Order by itself or in any Party's compliance with its provisions shall be construed to preclude a Party from seeking and obtaining Confidential Information or other information by discovery request or judicial request or other judicial process in this or any other action.

      V.     In the event any Confidential Information is used in any proceeding herein, it shall not lose its designated status through such use, and the parties shall take all steps reasonably required to protect such confidentiality against misuse. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Except as expressly provided herein, the entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and conversely, except as expressly provided herein, by itself shall not relieve any party of the obligation of producing discoverable information in the course of discovery.

      VI.     Maintenance of the protected status of any Confidential Information shall in all cases be subject to further order of this Court and nothing herein shall preclude any party upon reasonable notice to all parties from applying to this Court for any modification of this Order or moving the Court for an order changing the status of any designated information or otherwise relieving the Receiving Party from the restrictions contained in this Protective Order or from applying to the Court for further or additional Protective Orders. In such a motion, the party designating or seeking to restrict the use or distribution of any information or discovery material shall bear the burden of persuasion. The designations under Paragraph I(3) shall be made by the parties hereto reasonably and in good faith.

      VII.    (1)     Any documents containing Confidential Information that are filed with the Court for any purpose shall be submitted with a request to file under seal pursuant to appropriate rules, and shall be placed in a ~~sealed envelope~~ or container marked on the outside with the title of the action and with a statement substantially in the following form:

1   "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

2   This envelope (or container) containing the above-identified papers filed by (name of
3   party) is ~~not to be opened~~ nor the contents thereof displayed or revealed to anyone other than
4   Court personnel, except by further Court Order.

5   (2)   This Order shall not govern the use of Confidential Information at trial or hearings
6   in this matter.

7   VIII.   ~~The Parties and any other person subject to the terms of this Order agree that this~~
8   ~~Court shall have and shall retain jurisdiction over it and over them during and for 6 months after~~
9   ~~this action is terminated, for the purpose of enforcing this Order~~.

10   IX.   The Parties to this agreement may change its terms or effects by further mutual
11   agreement in writing, as approved by the Court.

12   X.   If a party to whom confidential information has been produced receives a
13   subpoena, agency request for information or other legal process seeking disclosure of such
14   Confidential Information, said party shall notify the producing party of such request and its
15   intention to comply therewith in order to give the producing party the opportunity to seek a
16   protective order or to otherwise take action to prevent disclosure.  If the producing party does not
17   act to protect its interests in accordance with applicable procedural rules by objecting within 14
18   days after receiving notice of the subpoena/request, the other party in receipt of the subpoena,

19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

agency request for information or other legal process shall be entitled to disclose the confidential information to the requestor.

**SO STIPULATED AND AGREED:**

DATED this 11th day of January, 2019

                NAQVI INJURY LAW

By     /s/ *Elizabeth E. Coleman*
      Farhan R. Naqvi, Nevada Bar No. 8589
      Elizabeth E. Coleman, Nevada Bar No. 12350
      Paul G. Albright, Nevada Bar No. 14159
      9500 West Flamingo Road, Suite 104
      Las Vegas, Nevada 89147
      Tel. (702) 553-1000

Attorneys for Plaintiffs

DATED this 11th day of January, 2019

                McCORMICK, BARSTOW, SHEPPARD,
                WAYTE & CARRUTH LLP

By     /s/ *Jonathan W. Carlson*
      Wade M. Hansard, Nevada Bar No. 8104
      Jonathan W. Carlson, Nevada Bar No. 10536
      Renee M. Maxfield, Nevada Bar No. 12814
      8337 West Sunset Road, Suite 350
      Las Vegas, Nevada 89113
      Tel. (702) 949-1100

Attorneys for Defendant

5590739.1

*Rishi v. GEICO Cas. Co.*
Case No. 2:18-cv-01044-JAD-PAL

GOOD CAUSE APPEARING from the stipulation of the parties,

IT IS SO ORDERED that the parties' stipulation is approved as modified by the court.

DATED this 23rd day of January, 2019

By _____
UNITED STATES MAGISTRATE JUDGE

# Attachment A

## UNDERKTAKING

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case signed by the Court on _____ in the case of *Rishi v. GEICO Casualty Co.*, Case No. 2:18-cv-01044-JAD-PAL, in the United States District Court, District of Nevada.

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order any designated information or any words, substances, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

6. I hereby consent to be subject to personal jurisdiction of the District Court, Clark County, Nevada, in respect to any proceeding relative to the enforcement of the Protective Order, including any proceedings relative to contempt of Court.

_____
Signature

DATED this ___ day of _____, 2019

[FIRM NAME]

By _____
[ATTORNEY NAME]
Attorneys for [Party]

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. SUNSET RD SUITE 350
LAS VEGAS, NV 89113